## Case No. 1,530.

BLANDY et al. v. GRIFFITH et al.

[6 Fish. Pat. Cas. 434.] [1]

Circuit Court, S. D. Ohio. May Term, 1873.

EQUITY—BILL OF REVIEW—APPLICATION ON NEW EVIDENCE—CUMULATIVE EVIDENCE—LACHES.

1. In an application for leave to file a new bill, upon the discovery of new facts, in a case once adjudicated, the counter-affidavits must be examined and considered by the court.

2. The application for leave must be made as soon after the new evidence is discovered as can reasonably be done.

3. Cumulative evidence upon a point already adjudicated is an insufficient warrant for giving leave to file a new bill.

4. Where a year and a half elapsed between the discovery of the alleged evidence and the filing of the petition for leave to file the bill: *Held*, that such laches must be fatal to the application.

5. Where the question of priority of invention was put in issue in the original suit, evidence of other alleged anticipations than those set up in that suit is merely cumulative evidence upon the former issue, and the discovery of such evidence after judgment is not a ground for granting leave to file a supplemental bill.

In equity. This was a hearing upon a petition, in behalf of the defendants in the original suit, for leave to file a supplemental bill in the nature of a bill of review. The original suit was [by Henry and Frederick J. L. Blandy against Thomas Griffith and Francis Wedge] upon letters patent for an "improvement in steam-engines," granted complainants August 3, 1858. Judgment was rendered in favor of complainants in September, 1869. See 3 Fisher, 609, where same is reported [Blandy v. Griffith, Case No. 1,529]. The petition for leave was filed January 30, 1870, and alleged the discovery of new evidence since the rendering of judgment. The affidavits in support of the petition were filed in February and October of the same year, and alleged the discovery of evidence relating to other anticipations than those set up in the original suit. It was shown in evidence that the petitioners were informed of the alleged new evidence as early as the summer of 1870. [Application denied.]

James Moore and Henry Stanbery, for petition.

Fisher & Duncan, contra.

SWAYNE, Circuit Justice. It is a rule that counter-affidavits must be examined and considered by the court. Another rule, which is applicable in this class of cases, is, that the application for leave must be made to file the bill as soon after the new evidence is discovered as can reasonably be done. Story, Eq. Jur. 422, 423.

Cumulative evidence as to a point already at issue is an insufficient warrant to give leave. 1 Story, 118; 3 Story, 300 [Clark v.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

Protection Ins. Co., Case No. 2,832; Jenkins v. Eldredge, Id. 7,267].

The defendants have placed on file in this court, in support of their application for leave, certain affidavits. All these affidavits were filed February 6, 1872, except the second, which was filed October 8, 1872. All relate to portable engines, alleged to be like the engines of the Blandys, and to antedate their invention, and were all publicly used, according to these affidavits, at Geneva, at Ogdensburg, and at Norwich.

I have already adverted to the character of the statement made in the affidavit upon which this application is founded. As regards the want of "due diligence," in that connection, it may be well to call attention to what Justice Story says upon this point. This author is decisive against the sufficiency of the petition for leave. See 3 Story, 315 [Jenkins v. Eldredge, Case No. 7,267].

I may add, in the light of these authorities, that we are by no means satisfied from these affidavits. They are not at all of such a character as to convince us that they were placed on file, in the shape of affidavits, and for evidence, direct or rebutting, they would be sufficient to change the views of the court, or warrant a reversal of the decision. But as we do not propose to rest our conclusion upon these propositions, it is not necessary to consider them further.

We refer to the fact that the petition of defendants was filed January 30, 1872. The question presents itself, when did they first learn of the existence of the facts proposed to be established by this newly discovered evidence, upon the basis of which they ask the setting aside of the decree rendered several years ago, the reopening of the whole case, and to compel the parties to litigate over again, as if nothing had ever been done?

Dunning, in his affidavit, says he was sued by the Blandys for infringement of the same (or of some) patent. He says that during the latter half of May or the first half of June, 1870 (it will be borne in mind that the petition for leave to file a bill was filed January 30, 1872), this defendant had an interview with Thomas Griffith, one of the defendants, in relation to satisfying a claim of plaintiffs as to the originality of the invention. In said interview, this affiant informed said Griffith that, in the opinion of defendant, testimony could be procured showing that the Blandys were not entitled to a patent on their bed-plate (patent 2,159), which said testimony had not been used in the trial; and defendant requested said Griffith to bear part of the expense incurred in looking up said testimony, and also that said Griffith and Wedge would contribute to the defense of said company.

The affidavit of this person covers all the grounds alleged in the petition as reasons for the granting of leave to file a supplementary bill. Yet no affidavit in support of

the petition was put on file until February 6, 1872, a year and five months from the time the application was made. No affidavit was taken for more than a year afterward. Such a laches, according to all authors, is fatal to the application.

There is another point which seems to us to be equally conclusive against the application. The defendants, in their litigation with Langdon, relied upon two courses of defense: First, they undertook to prove that the Blandys were not the inventors, but that Wedge was the inventor, and considerable testimony was taken relative to this point. They then undertook to prove that the invention was known and used for a long period prior to the alleged invention of the Blandys, and of necessity that their patent must fail on that ground.

Now, the same fact in relation to which it is proposed to take testimony for leave to file a bill—the same question of priority of invention over the invention of the Blandys by others, was distinctly put in issue, as well as the question as to whether the Blandys were or were not the inventors.

The first of these points it is not proposed to reopen, but it is proposed to reopen the second issue, and to produce further, or what may be called cumulative evidence, on that particular question. Let us see what the rule is as to the introduction of evidence of that character, under these circumstances. See language of Judge Story in Jenkins v. Eldredge [Case No. 7,267]; also in Baker v. Whiting [Id. 786].

In the light of the adjudications cited, it seems to us to be too clear to admit of doubt that, in the proper administration of equity cases, this application must, upon these grounds, especially upon the last mentioned, be denied.

In response to some suggestions of counsel for petitioners, THE COURT further said:

I will say, in reply to the remarks of the gentleman, I treated the question with great care. The case was thoroughly heard when on trial, and we have not now examined it as exhaustively as we should otherwise have done. The ground previously gone over leads to a judgment by the court that seemed to be in the light of reason and the authorities and entirely unanswerable. It now seems that these parties making this application slept upon the knowledge of the very facts upon which they now ask leave to file a new bill more than fourteen months after they came to that knowledge, without making use of the knowledge in making the application.

The general showing of the case was that Blandy was not the original and first inventor. The other matters were all matters of proof. The proof that Blandy did not invent the thing at all, was proof bearing upon that issue. The fact that it was known and used in various places, was proof bearing upon that issue. I said that the evidence arranged itself under two issues: First, that Blandy was not the original inventor; and, second, that it had been known and used by others long before his alleged invention of it. Upon that issue the defendants took considerable testimony, proving the use at various places, the prior knowledge and use of various machines alleged to be identical, claiming to have been invented by the Blandys.

All this was bearing upon the issue as to Blandy's invention. Every engine referred to in proof was carefully considered, and the court came to its conclusion. If it has fallen into error, it is the result of deliberation and considerable reflection.

I think there is no chancery practice that will not say the issues are just those I have stated.

I was further influenced by another consideration. It seemed to me that all the mischief sought to be shut out by the practice of not permitting cumulative evidence to be brought in would follow the granting of this application, and that the principle underlying this practice was correct.

To permit parties to range over the country and hunt up witnesses, after a case has been once fairly heard, and then make application for leave to file a new bill, is to render litigation expensive, and to involve the most serious consequences to parties seeking justice.

I then thought, and still think, that the most of that evidence was cumulative, to prove the general issue which the parties had made up before. I can see, after full reflection, no ground for changing my opinion. The only issue is, whether the plaintiffs were the original and first inventors. I may be in error as to the second ground; I am sure I am not on the first.

[NOTE. For trial and decisions in this case, see Blandy v. Griffith, Case No. 1,529; and, for application for a patent for a similar invention, see In re Blandy, Case No. 1,528.]